IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                    No. CR 04-2242 BB

JOSE PEDRO GARCIA,

      Defendant.

**COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW
AND
ORDER DENYING SUPPRESSION**

**THIS MATTER** came before the Court on Defendant's *Motion to Suppress* [75], and having reviewed the briefs of counsel, having held an evidentiary hearing on February 1, 2007, in Santa Fe, these are the Court's Findings of Fact and Conclusions of Law:

### Findings of Fact

1. On or about June 17, 2004, narcotics detectives from the Albuquerque Police Department ("APD") were conducting surveillance on a drug transaction involving a confidential informant ("CI") and two women, Shelly and Renee Chavez, who were to act as "middlemen" and obtain drugs from a targeted source.

2. **The CI gave Shelly and Renee Chavez (hereinafter Shelly and/or Renee) $2,300 of DEA money for a marijuana purchase.**

3. **Rather than making the intended marijuana purchase from the source, Shelly and Renee told the CI that they were robbed of the $2,300 by an individual they identified as Dragon.**

4. **Based on the CI reporting this story, APD detectives quickly contacted Shelly and Renee after the robbery.**

5. **Shelly and Renee told the police that Defendant, Jose Pedro Garcia, was supposed to supply the marijuana, but his friend Dragon came instead driving a green Ford Expedition. After confirming Shelly and Renee had the money, Dragon took a gun from a box and robbed them at gunpoint.**

6. **Both Shelly and Renee gave statements at the substation. About two hours later, Shelly called Detective Robert Dilley and told him she knew where Defendant lived and gave him a description of Defendant as being bald (shaved) with a tattoo on his neck. She said he drove a rust-primered-color Jeep-type SUV and was due to come to her apartment complex soon. The APD detectives set up surveillance at the apartment complex.**

7. **Shelly soon reported to Detective Dilley that Defendant was approaching. Dilley relayed the description of Defendant's vehicle to all the other police units. As soon as Sergeant Watkins saw Defendant drive into the apartment parking lot,**

**he had no doubt Defendant was the suspect in the armed robbery-drug deal based on Shelly's prior description.**

8. **When Defendant stopped in the parking lot, the police blocked his vehicle, approached him, and he was told to get out of his car, handcuffed, and sat down on the curb. An assault rifle was clearly visible on the passenger's seat of Defendant's vehicle.**

### Conclusions of Law

1. **A lawful vehicle stop may be made on the reasonable suspicion of a past completed felony.** *United States v. Hensley*, **269 U.S. 221, 222 (1985) (reasonable suspicion to stop vehicle based on bulletin issued from another police department).** *See also United States v. Levya-Serrano*, **127 F.3d 1280, 1283 (10th Cir. 1997) ("past crime" vehicle stop of murder suspect was lawful);** *United States v. Nelson*, **29 F.3d 62, 65 (2d Cir. 1994) (reasonable suspicion to stop vehicle based on description broadcasted over the police radio).**

2. **"When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing."** *United States v. Arvizu*, **534 U.S. 266, 273 (2002). Highly specific information describing defendant, his involvement, and current whereabouts are an adequate basis to**

create probable cause for arrest. *United States v. Dawkins*, 17 F.3d 399, 404 (D.C. Cir. 1994).

3. Based on the report of Shelly Chavez that Defendant had agreed to supply the marijuana and that his friend Dragon showed up at the time and place of the scheduled drug deal, and given Shelly's detailed description of Defendant including pinpointing his exact location, the APD detectives had at least reasonable suspicion to block Defendant's car. *See United States v. Alvarado*, 2005 WL 3131703 (10th Cir.); *Rudd v. Graves*, 2001 WL 1295527 (10th Cir.).

4. The fact that Defendant's friend Dragon had appeared at the scheduled drug deal with a gun and robbed Shelly and Renee, with Shelly's children present, provided at least reasonable suspicion that Defendant was dangerous and that he must be secured immediately. *United States v. Heard*, 367 F.3d 1275 (11th Cir. 2004); *Avery v. Mitchell*, 1999 WL 240339 (E.D. Pa.).

## ORDER

For the above stated reasons, Defendant's *Motion to Suppress* is DENIED.

SO ORDERED this 6th day of February, 2007.

*Bruce D. Black*
**BRUCE D. BLACK**
United States District Judge